```
            IN THE UNITED STATES DISTRICT COURT
               NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION
```

| | |
|---|---|
| **BUILDERS BANK**, an Illinois Bank,<br><br>               **Plaintiff**,<br><br>      v.<br><br>**DAN RUVALCABA**,<br><br>               **Defendant**. | **Case No. 14 C 1116**<br><br>**Hon. Harry D. Leinenweber** |

## ORDER

Because no substantial part of the acts or omissions giving rise to Plaintiff's claims took place in this district, venue in this Court is improper. Defendant's Motion [ECF No. 12] is granted, and this case will be transferred to the Central District of California pursuant to 28 U.S.C. § 1406(a).

### STATEMENT

Plaintiff Builders Bank (the "Bank") has brought suit against its former employee and director, Defendant Dan Ruvalcaba (the "Defendant"), for alleged breaches of fiduciary and contractual duties. The Bank is organized under Illinois law and maintains its principal place of business in Chicago. Defendant resides in California and worked in Plaintiff's California office, located in Los Angeles. He started working for the Bank in October 2003, and it appears that he became a director in 2007, at which point he began traveling occasionally to Illinois for board meetings. The parties agree that in 2013, Defendant traveled to Illinois nine times to attend various Board meetings and participated telephonically in three other board meetings and 23 loan committee meetings. It is reasonable to infer that while Defendant worked

principally in California, he communicated frequently with Bank management in Illinois.

In September 2013, Defendant learned that he would be terminated at the end of the year because Plaintiff would be closing its California office. On December 11, 2013, the Bank's president e-mailed Defendant an unexecuted Separation Agreement and Defendant signed the document in California. The Separation Agreement required Defendant to return all Bank property and refrain from disparaging the Bank. Plaintiff alleges that Defendant "shopped around" the Bank's most profitable loan and misinformed competitors that Plaintiff would be liquidating in the near future. Defendant's employment with the Bank ended on schedule on December 31, 2013. His service as a director culminated shortly thereafter.

The Complaint's four state-law counts allege that Defendant breached his fiduciary duties and the written Agreement. Defendant has moved to dismiss for lack of personal jurisdiction and improper venue. In the alternative, Defendant moves to transfer venue or dismiss for failure to state a claim. Because it is a close question whether this Court has personal jurisdiction over Defendant, the Court will address venue first and turn to personal jurisdiction, and then the 12(b)(6) motion, only if necessary to adjudicate the rights of the parties. *Cote v. Wadel,* 796 F.2d 981, 985 (7th Cir. 1986) (noting that a district court may transfer a case for improper venue even if it lacks personal jurisdiction over the defendant).

Because no defendant resides in this district, and because there is at least one other court where venue would be proper (in California, where Defendant resides), venue is proper here only if "a substantial part of the events or omissions giving rise to the claim" occurred in this district. 28 U.S.C. § 1391(b). Where, as here, a defendant challenges venue under Rule 12(b)(3), the

plaintiff bears the burden of establishing that venue is proper. *See, e.g., Faur v. Sirius Int'l Ins. Corp.,* 391 F.Supp.2d 650, 657 (N.D. Ill. 2005).

Plaintiff complains largely of actions that Defendant took in California. Count I for Business Disparagement alleges that Defendant misrepresented to Plaintiff's customers and competitors "in the California market" that Plaintiff was liquidating. Compl. ¶ 10. Counts II and IV charge that Defendant breached fiduciary and contractual duties when he stole corporate opportunities and released internal documents to competitors. These actions took place in California and related to business in California. Count III centers on Defendant's interference with Plaintiff's business relationships with California clients. The Separation Agreement, which forms the basis for the contract claims, was signed by Defendant in California. Based on the Complaint, all of Defendant's alleged conduct occurred in California and harmed Plaintiff in California.

But just because venue would have been proper in some California district does not mean that venue was improper here, as venue "may be proper in more than one court." *Armstrong v. LaSalle Bank Nat'l Ass'n,* 552 F.3d 613, 617 (7th Cir. 2009). To show that some of Defendant's actions occurred in Illinois, Plaintiff argues in its response brief that Defendant failed to disclose, during board meetings in Chicago, that he was shopping around the Bank's most profitable loan. But this alleged omission forms no part of the Complaint and does not relate to the claims enumerated therein (for business disparagement, tortious interference with prospective economic advantages, usurpation of corporate opportunities, and the like). It is well settled that a complaint may not be amended by briefs in opposition to a motion to dismiss. *Bissessur v. Ind. Univ. Bd. of Trs.,* 581 F.3d 599, 603 (7th Cir. 2009); *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1107 (7th Cir. 1984)

(explaining that "consideration of a motion to dismiss is limited to the pleadings"). The Complaint does not identify a single action that Defendant took in Illinois that gives rise to any of Plaintiff's claims. Therefore, the Court must conclude that no substantial part of the acts or omissions giving rise to Plaintiff's claims took place in this district, and venue in this Court is improper. *See, Hanyuan Dong v. Garcia,* 553 F.Supp.2d 962, 965 (N.D. Ill. 2008) (venue improper where alleged tortious acts took place out of state).

Because venue is improper, this Court may dismiss the case or transfer it to any district in which it could have been brought. 28 U.S.C. § 1406(a). Generally, the interests of justice weigh in favor of transfer, rather than dismissal, if there is an appropriate forum elsewhere. *Georgouses v. NaTec Res., Inc.,* 963 F.Supp. 728, 731 (N.D. Ill. 1997). Venue would have been proper in the Central District of California, where Defendant resides and worked for Plaintiff, and there is no question that California has personal jurisdiction over Defendant. It appears likely that California law will govern at least some of Plaintiff's tort claims and some or all of the affirmative defenses or counterclaims that Defendant intends to assert. In addition, Defendant represents that all third-party witnesses are located in California. Given the Court's general preference for transfer over dismissal, and the aforementioned factors, the Court will not dismiss the case but rather will transfer it to the Central District of California.

Dated: 8/8/2014

_____
Harry D. Leinenweber, Judge
United States District Court